AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Abdias DEAN-MENDEZ<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No.<br>    6:26-mj- 1752 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 27, 2026 _____ in the county of _____ Orange _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Attempting to escape the lawful custody. |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Annotti, DO, DHS, ICE
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____ June 29, 2026 ____

_____
*Judge's signature*

City and state: _____ Orlando, Florida _____

Robert M. Norway, U.S. Magistrate Judge
_____
*Printed name and title*

STATE OF FLORIDA                    CASE NO. 6:26-mj- 1752

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF THE
## ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1.    I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 23 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2.    This affidavit is submitted in support of the issuance of a criminal complaint charging Abdias **DEAN-MENDEZ**, an alien lawfully detained under and pursuant to immigration laws, with attempting to escape the lawful custody of a Deportation Officer in violation of 18 U.S.C. § 751(a). The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I

have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3.      On or about June 27, 2026, the ICE/ERO Orlando Fugitive Operations Unit (FOU) and Florida Highway Patrol (FHP) were conducting joint operations in the Orlando metro area. During the operation, FHP noticed a Chevrolet pickup truck, Florida tag CN78##, with dark tint on the side windows and initiated a traffic stop. The tint was measured at 9%, in excess of the limit under local law. FHP made contact with **DEAN-MENDEZ** who voluntarily provided his Mexican consular identification card. FHP contacted FOU team member DO Richmond Soriano. DO Soriano verified **DEAN-MENDEZ**'s identity, determined that he was in the United States illegally, placed him under arrest, and transported him to ERO Orlando detention center for fingerprinting and administrative removal processing.

4.      On June 27, 2026, while at ERO Orlando detention center, DO Richard Torres fingerprinted **DEAN-MENDEZ** and submitted the set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints, and the fingerprints did not come back to any known FBI records. A new FBI record was created for **DEAN-MENDEZ**.

5.      According to various databases and ICE records, **DEAN-MENDEZ** was born in 1998 in Chiapas, Mexico. **DEAN-MENDEZ** is a citizen of Mexico and not a citizen of the United States. **DEAN-MENDEZ** has never been issued an Alien

2

File Number in the past and was issued a new number (A xxx xxx 970). **DEAN-MENDEZ** has no pending applications and no approved applications with United States Citizenship and Immigration Services. **DEAN-MENDEZ** has no lawful status in the United States. Further, **DEAN-MENDEZ** appeared to have no criminal history.

6.  On June 27, 2026, ERO Orlando management determined **DEAN-MENDEZ**'s lack of prior immigration and criminal history warranted a voluntary departure with safeguards from the United States, provided **DEAN-MENDEZ** could purchase his own airline ticket. With the assistance of a friend, **DEAN-MENDEZ** was allowed to purchase a direct-flight ticket onboard Fronter Airline from Orlando to Mexico City departing that same day at 6:15pm. The ticket was purchased and DOs Alexander Santelises and Julio Muriente Crespo were assigned to the escort detail. **DEAN-MENDEZ** remained in ERO Orlando custody.

7.  On June 27, 2026, **DEAN-MENDEZ** arrived at Orlando International Airport's Terminal B, under escort by DOs Santelises and Muriente Crespo. **DEAN-MENDEZ** was fully handcuffed. **DEAN-MENDEZ** was advised in Spanish by DO Muriente Crespo that while at the airport the officers would remove the handcuffs, but that he would remain in custody. **DEAN-MENDEZ** was further advised that the officers would escort him to the ticket counter, through security checkpoints, to the gates, and to the aircraft door. At this time, **DEAN-MENDEZ**'s handcuffs were removed and all three made their way to the ticket counter.

3

8.     While at the ticket counter, **DEAN-MENDEZ** turned and ran full speed in the direction of one of the airport's exit. **DEAN-MENDEZ** reached the first set of automatic doors leading to the outside but the doors did not open, and **DEAN-MENDEZ** continued running to the set of next automatic doors. During this time, both DOs Santelises and Muriente Crespo pursued **DEAN-MENDEZ** on foot. DO Santelises called 911 for assistance and DO Muriente Crespo noticed Orlando Police Department (OPD) Officer Stelmak on patrol within the airport, identified himself, and requested assistance. OPD Stelmak contacted OPD Officers Llorena and Debottis who were on patrol just outside the airport exterior doors and requested assistance. As **DEAN-MENDEZ** made it through the next set of automatic doors, OPD Officers Llorena and Debottis were waiting for **DEAN-MENDEZ** outside and immediately took him into custody. Custody of **DEAN-MENDEZ** was transferred back to DOs Santelises and Muriente Crespo, and **DEAN-MENDEZ** was transported back to the ERO Orlando detention center.

4

9.     Based on the foregoing, there is probable cause to believe that on June 27, 2026, **DEAN-MENDEZ**, an alien lawfully detained under and pursuant to immigration laws for exclusion or expulsion proceedings, attempted to escape the lawful custody of a Deportation Officer, in violation of 18 U.S.C. § 751(a).

This concludes my affidavit.

Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Sworn to and subscribed before me
This _29th_ day of June, 2026

HON. ROBERT M. NORWAY
United States Magistrate Judge

5